**AUTOGIRO CO. OF AMERICA v. KAY GYROPLANES, Limited.**

**No. 22345.**

District Court of the United States for the District of Columbia.

July 6, 1944.

Synnestvedt & Lechner, of Philadelphia, Pa., and William M. Cushman and C. Willard Hayes (of Cushman, Darby & Cushman), both of Washington, D. C., for plaintiff.

Edward R. Walton, Jr., of Washington, D. C., for defendant.

MORRIS, District Judge.

This is an action brought by the plaintiff against the defendant and two other defendants, who have since been dropped, pursuant to Section 4915, Revised Statutes, 35 U.S.C.A. § 63, for a declaration that the assignor of the plaintiff was the first, original and sole inventor of the subject matter of certain claims on which letters patent were granted to the defendant as assignee of the defendants who were dropped, and for the further declaration that the letters patent so issued are therefore invalid and void, and that the plaintiff is entitled to receive letters patent respecting such subject matter. The defendant is a British company, organized and existing by virtue of the laws of Great Britian, with its place of business at Edinburgh, Scotland, and is not a resident of the United States of America, and has no agent in the country upon whom personal service could be made. Pursuant to Title 35, Section 72a, U.S.C.A. an order of this court was entered, authorizing service on the defendant by registered mail, which service was so accomplished. The defendant, in a motion to dismiss, has moved that the court set aside such service of the summons and complaint and to quash the return of such service.

The single issue is whether or not such service is effective. The principal contention of the defendant is that the matter in controversy, being the validity of a patent, is personal property and as such has its situs at the place which is the residence of its owner, and in this case such place is beyond the jurisdiction of this court. The further contention is made that the statute was intended to apply only where there is a plurality of adverse parties as distinguished from a single adverse party, as is the case here.

It is unnecessary to labor the question as to whether this is an action in personam or one in rem. When the letters patent here in question were issued to the defendant and accepted by it, such issue and acceptance were subject to all provisions of law respecting the question of validity and the rights of others to call such validity into question. The defendant cannot now be heard to assert that he did not assent to the applicable provision of Title 35, Section 72a, U.S.C.A., supra.

I cannot agree with the contention of defendant that the provision of law in question is applicable only where there are a plurality of adverse parties. The plain language of the provision refutes such construction.

The motion of the defendant will be denied.